**VOLKSWAGEN OF AMERICA, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

Slip Op. 09–31.

Court No. 96–00132.

United States Court of International Trade.

April 15, 2009.

Law Offices of Thomas J. Kovarcik (Thomas J. Kovarcik), New York City, for Plaintiff Volkswagen of America, Inc.

Michael F. Hertz, Acting Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation

Branch, Civil Division, U.S. Department of Justice.

Before: Richard W. Goldberg, Senior Judge.

## OPINION

GOLDBERG, Senior Judge.

This matter is before the Court following the Federal Circuit's remand in *Volkswagen of America, Inc. v. United States*, 540 F.3d 1324 (Fed.Cir.2008). The narrow issue left before the court is whether repairs made pursuant to federal emissions recalls establish that these defects existed at the time of importation, and in turn, entitle Volkswagen of America, Inc. ("Volkswagen") to an allowance for the value of these repairs. For the foregoing reasons, we find that Volkswagen is entitled to an allowance for the value of its repairs made in response to federal emissions recalls.

## I. DISCUSSION

Our decision in *Volkswagen of America, Inc. v. United States* addressed the company's entitlement to reductions in the appraised values of its imported merchandise for repairs made to latent defects under 19 C.F.R. § 158.12, which permits an allowance for damage existing at the time of importation. 31 CIT ——, 484 F.Supp.2d 1314 (2007). In this case, we held that Volkswagen's evidence was insufficient to establish that its various repair claims related to defects existing at the time of importation. *Id.* at 1321–22. The Federal Circuit affirmed this decision in-part, and reversed-in-part—finding that Volkswagen

was entitled to an allowance for warranty repairs made in response to government-mandated safety recalls. In the Federal Circuit's view, the "very nature of a government mandated safety recall establish[ed] the high likelihood that any defects repaired pursuant to the recall existed at the time of importation." *Volkswagen*, 540 F.3d at 1336. The Federal Circuit further ordered this Court to examine whether "state law recalls and the FTC recall exhibit [this] same reliability." [1] *Id.* For the foregoing reasons, we find that Volkswagen is entitled to an allowance because the nature of the federal emissions recalls similarly establishes a high likelihood that the defects existed at the time of importation.

In *Volkswagen*, the Federal Circuit based its conclusion that the applicable defects existed at the time of importation on the fact that federal law prohibits the importation of automobiles not in compliance with federal safety standards. 540 F.3d at 1335–36. Federal law similarly prohibits "the importation into the United States, of any new motor vehicle or new motor vehicle engine ... unless such vehicle or engine is covered by a certificate of conformity [with federal emissions laws]." 42 U.S.C. § 7522(a)(1) (2000). Further, the similarity of federal safety and emissions-based recalls is demonstrated by the fact that the reporting provisions for emissions-based recalls grafts on to the reporting system utilized for safety-recalls—requiring a manufacturer to file a report "in accordance with procedures established by the manufacturer to identify safety related defects that a specific emissions-related

1. Volkswagen concedes that the only recalls that need to be analyzed on remand are federal emissions recalls for two reasons. First, Volkswagen's FTC "claim" does not reflect a "recall", but rather a "claim" for a warranty repair outside the scope of the Federal Circuit's holding. Second, only California had the right to regulate its automobile emissions at the time of these entries, and thus, "state recalls" or "state law emissions recalls" could refer only to California emissions recalls, and Volkswagen made no allowance claims pursuant to emissions recalls issued by California.

defect exists." 40 C.F.R. § 85.1903. The required content of the reports are also very similar. *Compare* 40 C.F.R. § 85.1903, *with* 49 C.F.R. § 573.6.

United States Customs and Border Protection ("Customs"), maintains that repairs made pursuant to a federal emissions recall do not establish that the defects existed at importation. To support its argument, Customs relies on an EPA report on emissions-based recalls and voluntary service repairs. *Compliance & Innovative Strategies Div., Office of Transp. & Air Quality, EPA,* Annual Summary of Emissions–Related Recall and Voluntary Service Campaigns Performed on Light–Duty Vehicles and Light–Duty Trucks (2008), http://www.epa.gov/otaq/cert/recall/420b 08012.pdf. Customs cites a 2007 service action for the New Beetle, GTI, Golf, and Jetta models (EPA # 2814, Manufacturer Recall 2007/04/10), which states that "[a]n incorrect interpretation of information in the electronic parts catalogue directed dealership technicians to install the wrong catalyst on these particular vehicles." *Id.* at 8. In Customs' view, the fact that Volkswagen had to initiate a service action to fix mistakes made by its dealers demonstrates that not all repairs due to federal emissions-based recalls relate to defects existing at the time of importation. This example, however, is misplaced as the service action Customs is citing is not an emissions-based recall, but instead a voluntary service action to fix a repair, which has no bearing on the emissions-based recalls at issue in this case. Accordingly, this Court finds that there is a similarly high likelihood that any repairs due to federal emissions recalls relate to defects existing at importation, and in turn, that Volkswagen is entitled to its claimed allowance.

## II. *CONCLUSION*

In light of the foregoing, this Court grants final judgment to Volkswagen in favor of its claims for an allowance for repairs made pursuant to federal emissions-based recalls.